TO: HON. CHARLES J. SIRAGUSA              Jan 12th    2025

FROM: TYQUAN JOHNSON

SUBJECT: COURT TO ARRANGE TO HAVE STATE CRIMINAL CHARGES/ PAROLE VIOLATION CHARGES DISMISSED AWARD SETTLEMENT - ATTACHMENT OF LEGAL BASIS TO COVER ALL GROUNDS CASE NO. 24-CV-06355 CJS UPDATE

CASE NO. 24-CV-06355

Dear Hon. Siragusa

ATTACHED PLEASE FIND ADDITIONAL DOCUMENTS TO BE ADDED TO THE PRIOR EX PARTE LETTER I SUBMITT TO YOU (1) SUPPRESSION OF TANGIBLE EVIDENCE AT FINAL HEARING FOR PAROLE ALI STANTON: (2) THE MONROE COUNTY GRAND JURY ONLY VOTED ON ONE FELONY CPW 3RD AGAINST ME WHICH MEANS THIER ARE BASIS FOR A ILLEGAL STOP (3) IN REGARDS TO PAROLE VIOLATIONS I HAVE NO TECH. VIOLATIONS ONLY ALLEGED NON-TECH. WHICH ARE THE NATURE OF THE CRIME (4) IN PEOPLE V. TYQUAN JOHNSON THE COURT OF APPEALS REVERSED AND ORDERED THE INDICTMENT DISMISSED 195 N.Y.S. 3d 639, (2023) 24-CV-06355-CJS JOHNSON V. CITY OF ROCHESTER SHALL BE SETTLED AND I MR JOHNSON SHALL BE GRANTED A AWARD SETTELMENT TO RESOLVE THIS CASE NO. HON. SIRAGUSA YOU DENIED MY REQUEST BECAUSE LACKING ANY LEGAL BASIS HERE I HAVE PROVIDED YOU WITH ALL LEGAL BASIS YOU YOURSELF WILL NEED TO GO FORWARD WITH ARRANGEMENT ON MY BEHALF HERE YOU SEE I'M NOT WASTEING YOUR TIME NOR ENERGY I DONT DESERVE TO GO THROUGH THIS AGAIN YES IVE MADE MANY MISTAKES HOWEVER RIGHT IS RIGHT YOUR HON. I NEED MY FREEDOM I HAVE A FUTURE WIFE KIDS I TAKE CARE OF ONE SOON ON THE WAY I SEEK FOR A GOOD JOB TO PROVIDE FOR MYSELF AND FAMILY I'M TRULY SUPPOSE TO BE HOME PLEASE HELP ME EVEN IF YOU REQUEST PAROLE UPLIFT THEIR HOLD ON MY BAIL I WOULD APPRECIATE THAT PLEASE

THANK YOU FOR YOUR ATTENTION TO THIS MATTER

December 12, 2025

Re: Tyquan Johnson NYSID 03315554k, Warrant #859596

ALJ Stanton:

## SUPPRESSION OF TANGIBLE EVIDENCE

Pursuant to §140.10 of the Criminal Procedure Law of the State of New York, a warrantless arrest of an individual can only be made if an officer has reasonable cause to believe that the individual has committed a crime. See also, *People v. DeBour*, 40 N.Y.2d 210 at 223, 386 N.Y.S.2d 375 at 385 (1976) and *People v. Chestnut*, 51 N.Y.2d 14, 431 N.Y.S.2d 485 (1980).

In determining whether a stop and/or seizure is reasonable, a court must "first consider whether or not the police action was justified in its inception and secondly whether or not that action was reasonably related in scope to the circumstances which rendered its initiation permissible." *People v. DeBour*, 40 N.Y.2d 210 at 215, 386 N.Y.S.2d 375 at 379 (1976).

In order to justify the stop of an individual, the police must have an "objective credible reason" or "founded suspicion that criminal activity is afoot." *People v. DeBour*, supra, at 223, 384-85. However, such a stop only gives the officer the right to request information, or the common-law right to inquire, respectively (commonly referred to as Level 1 and Level 2 stops under *DeBour*). Id.

With regard to traffic stops, a police officer must have at least an "objective credible reason" or "founded suspicion," or else the stop will constitute a seizure. Once a stop becomes a seizure, it must be supported by either a Level 3 or Level 4 suspicion or it will be deemed an illegal detention. See *People v. Ingle*, 36 N.Y.2d 413, 369 N.Y.S.2d 67 (1975).

Should the police possess a legitimate basis to stop an individual, they may not continue to detain her unless the police investigation results in "probable cause to believe that person has committed a crime or offense in his presence" (Level 4). *People v. DeBour*, supra, at 223, 385. See also, §§140.00(1)(n) and 140.50 of the Criminal Procedure Law of the State of New York, and *People v. Chestnut*, 51 N.Y.2d 14, 431 N.Y.S.2d 485 (1980).

Any evidence that constitutes the fruits of an illegal detention must be suppressed. See *Wong Sun v. United States*, 371 U.S. 471, 83 S.Ct. 407 (1963); *Mapp v. Ohio*, 367 U.S. 643, 81 S.Ct. 1684 (1961); and *Dunaway v. New York*, 442 U.S. 200, 99 S.Ct. 2248 (1979). Additionally, any evidence revealed as a direct consequence of unlawful police action is tainted and must be suppressed. See generally, *People v. Boodle*, 47 N.Y. 2d 398, 418 N.Y.S.2d 352 (1979).

In *People v. Tyquan Johnson*, the Court of Appeals reversed the Appellate Division and ordered the indictment dismissed. 195 N.Y.S.3d 639, (2023). The court reasoned that the officer did not meet the minimum standard required to justify a stop and frisk under *De Bour*, when he observed Mr. Johnson, move from the driver's seat to the passenger seat of the parked car, move his upper torso back towards the driver's seat, pull up his pants, trying to buckle his belt and appearing nervous while being questioned. *Id*.

The Court of Appeals further reasoned that these actions did not support that Mr. Johnson was armed, committed a crime, or was about to commit a crime and constituted nothing other than "innocuous behavior." As such, the police lacked sufficient reasonable suspicion to justify a stop, frisk and the subsequent discovery of drugs on Mr. Johnson. *Id*. Accordingly, the evidence was suppressed. *Id*.

Officer Joseph Coppola testified that he was on in a patrol vehicle with Officer Brandon Lappetito, when they observed Mr. Johnson go from "car to car". He further testified that he was missing a bike bell.

There were never any pre stop observations of any exchanging of money, drugs, glassine envelopes or any weapons. There weren't any testimony regarding a person matching Mr. Johnson's description, performing any illegal activities.

Officer Coppola's detailed incident report was produced contemporaneous to when the incident occurred, the details were fresh in his mind, he recorded and relied on this report. The report was reviewed by him and his supervisor, Officer Timothy Hall, and was a fair and accurate depiction of what transpired with Mr. Johnson.

No where in his report did he specifically state that Mr. Johnson was pulled over for missing a bike bell. Accordingly, Officer Coppola's credibility is undermined by the omission in his report and the court should lend no weight to his testimony establishing probable cause to stop and pursue Mr. Johnson from his bike.

Pursuant to VTL 1234 -

> §1234. Riding on roadways, shoulders, bicycle or in-line skate lanes and bicycle or in-line skate paths. (a) Upon all roadways, any bicycle or in-line skate shall be driven either on a usable bicycle or in-line skate lane or, if a usable bicycle or in-line skate lane has not been provided, near the right-hand curb or edge of the roadway or upon a usable right-hand shoulder in such a manner as to prevent undue interference with the flow of traffic except when preparing for a left turn or when reasonably necessary to avoid conditions that would make it unsafe to continue along near the right-hand curb or edge. Conditions to be taken into consideration include, but are not limited to, fixed or moving objects, vehicles, bicycles, in-line skates, pedestrians, animals, surface hazards or traffic lanes too narrow for a bicycle or person on in-line skates and a vehicle to travel safely side-by-side within the lane.

Officer Coppola's testimony never specified where Mr. Johnson was riding on the street, when he was going from car to car. It's possible that the vehicles were parked on the side of the street and Mr. Johnson approached from the curb. Furthermore, nowhere in the record was it established that Mr. Johnson was not preparing for a left turn, or he was preparing to avoid one of the several conditions cited in the statute, that would allow for him to travel on the road.

The record establishes that Mr. Johnson was on sitting on his bike and not riding on it. The officer's probable cause to approach Mr. Johnson, VTL §1234 & §1236 are both predicated on the person operating a bicycle. Therefore, it hasn't been established that there exists probable cause to approach Mr. Johnson and any evidence obtained from the illegal stop must be suppressed. *People v. Johnson*, 195 N.Y.S.3d 639, (2023), *Wong Sun v. United States*, 371 U.S. 471, 83 S.Ct. 407 (1963); *Mapp v. Ohio*, 367 U.S. 643, 81 S.Ct. 1684 (1961); and *Dunaway v. New York*, 442 U.S. 200, 99 S.Ct. 2248 (1979).

### IT HAS NOT BEEN ESTABLISHED THROUGH CLEAR AND CONVINCING EVIDENCE THAT MR. JOHNSON KNOWINGLY POSSESSED A LARGE CAPACITY AMMUNITION FEEDING DEVICE AND VIOLATED 18 USC 922

A person commits the criminal possessions of a weapons in the third when such person possesses a large capacity ammunition feeding device. C.P.L. §265.02 (8). The Court of Appeals held that the term "knowingly", be construed to refer to the element of possession. 605 N.Y.S.2d 235, (1993).

Accordingly, in order for a person to be found guilty of criminal possessions of a weapons in the third degree, they must know they possessed a large capacity ammunition feeding device. People v. Hunt, 127 N.Y.S.3d 674, (2020).

When Officer Coppolla searches Mr. Johnson, the magazine was allegedly found in the coat's front hand pocket. When confronted with it, Mr. Johnson states "that's not mine." Officer Coppolla then responds it's a "CPW4", and Mr. Johnson again responds, "that's not mine."

This response is indicative of a lack of possession and ownership of the magazine. It is evident that this response supports the finding that Mr. Johnson did not know that the magazine was in the coat pocket.

Furthermore, the record does not establish that Mr. Johnson knew the magazine was a "large capacity feeding device."

In order to be found guilty of 18 U.S.C. 922 (g), the Government must prove that the defendant knew he possessed a firearm and that he knew he was a felon when he possessed the firearm. Greer v. United States, 593 U.S.___(2021), citing, Refaif v. United States, 588 U.S.___ (2019).

After the arrest, Mr. Johnson is in the backseat of Officer Coppolla's cruiser. Officer Coppolla asks Mr. Johnson whether he had any felonies, and Mr. Johnson responded that he "didn't."

As such, it has not been established by clear and convincing evidence that Mr. Johnson possessed the large capacity feeding device and that he possessed the necessary mens rea, knowing that he had a prior felony necessary under 18 U.S.C. 922. Therefore, the violation of his post release supervision should be dismissed, Mr. Johnson be released from custody and restored to his post release supervision.

Respectfully,

Alexander Phengsiaroun
Assistant Public Defender
Monroe County Public Defender's Office
10 N. Fitzhugh St.,
Rochester, NY 14614
585 753 4933

NAME: TYQUAN JOHNSON 344697
130 PLYMOUTH AVENUE SC
Rochester, New York

ROCHESTER NY 144
13 JAN 2026 PM 3

US POSTAGE
$000.74
ZIP 14614
02 4W
0000357850 JAN 13 2026

LEGAL MAIL

TO: JUDGE CHARLES S. SIRAGUSA
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
ROCHESTER, NEW YORK 14614

14614-999955